**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
J. Jason Hill (SBN 179630)
jhill@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

**THE LAW OFFICE OF IAN PANCER**
Ian Pancer (SBN 246600)
ian@sandiegolegal.net
105 West F St. 4th Floor
San Diego, CA 92101
Telephone: (619) 955-6644
Facsimile: (619) 374-7410

Attorneys for Plaintiff JUSTIN JOB, individually and
on behalf of others similarly situated

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN JOB, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL RADAR ACQUISITION, LLC, d.b.a. GLOBAL HR RESEARCH, a foreign limited liability company, f.k.a. RADAR POST CLOSING HOLDING COMPANY, INC. f.k.a., GLOBAL HR RESEARCH, INC. and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>1. **Violation of the Fair Credit Reporting Act for Furnishing Consumer Report Without Receiving Required Certifications, 15 U.S.C. 1681b(b)(1)(A)(i)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JUSTIN JOB ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

1. Plaintiff is an individual who at all relevant times resided in San Francisco, California.

2. In this class action, Plaintiff sues Defendant GLOBAL RADAR ACQUISITION, LLC, a foreign limited liability company d.b.a. GLOBAL HR RESEARCH f.k.a. RADAR POST CLOSING HOLDING COMPANY, INC. f.k.a. GLOBAL HR RESEARCH, INC. (collectively referred to hereinafter as "Global HR Research"). Global HR Research has substantial business ties to and operations in California.

3. Global HR Research is a consumer reporting agency that provides human resources support for hundreds of businesses nationwide and in the State of California. Global HR Research also provides investigative consumer reports (hereafter, sometimes "background checks") to employers regarding their job applicants and employees.

4. Herman Integration Services, LLC (hereafter, "Herman"), a Florida Limited Liability, was one of the many customers that procured pre-employment background checks regarding their job applicants from Global HR Research.

5. On or about December 22, 2017, Plaintiff submitted an application for employment with Herman for work as a "systems integrator."

6. Herman communicated to Plaintiff that he would be hired subject to completion of a successful background check.

7. Herman "procured" (ordered) a background check regarding Plaintiff from Global HR Research.

8. Global HR Research furnished an investigative consumer report (hereafter, "the report") regarding Plaintiff to Herman.

9. After receiving the report from Global HR Research, Herman withdrew the job offer and did not hire Plaintiff.

10. The Fair Credit Reporting Act ("FCRA") at 15 U.S.C. § 1681b(b)(1)(A)(i) provides in part as follows:

> "**(b) Conditions for furnishing and using consumer reports for employment purposes**
>
> (1) **Certification From User**
> A consumer reporting agency may furnish a consumer report for employment purposes only if—
>
> (A) the person who obtains such report from the agency certifies to the agency that—
>
> (i) the person has complied with paragraph (2) with respect to the consumer report…"

11. As such, it is illegal for an investigative consumer reporting agency such as Global HR Research to furnish an investigative consumer report for employment purposes without first receiving assurances ("certifications") that the employer has complied with certain requirements.

12. Pursuant to 15 U.S.C. § 1681b(b)(1)(A)(i), one of the certifications an agency must receive from an employer is "…that a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i).

13. In violation of 15 U.S.C. § 1681b(b)(1)(A)(i), Global transmitted the report to Herman without receiving a certification that Herman complied with 15 U.S.C. § 1681b(b)(2)(A)(i).[1]

14. Because Global HR Research furnished the report to Herman without receiving the required certification, the transmission of the report to Herman was illegal, in violation of 15 U.S.C. § 1681b(b)(1)(A)(i).

15. Global HR Research violated Plaintiff's right to privacy by compiling his personal, private, and sensitive information into a consumer report, and transmitting the report to Plaintiff's prospective employer *illegally* – that is, in violation of the requirements imposed by the FCRA at 15 U.S.C. § 1681b(b)(1)(A)(i).

---

[1] As to be expected, Herman, which failed to certify it made the disclosures as required by 15 U.S.C. § 1681b(b)(2)(A)(i), in fact did fail to make the disclosures as required by 15 U.S.C. § 1681b(b)(2)(A)(i). A Notice and Acknowledgement form that Plaintiff signed, which had been drafted and supplied to Herman by Global Radar, did not contain the disclosures as required by 15 U.S.C. § 1681b(b)(2)(A)(i).

16. Global HR Research's conduct in furnishing an investigative consumer report to Herman without first receiving the certifications of compliance from Herman as required by 15 U.S.C. § 1681b(b)(1)(A)(i) violated the privacy rights of Plaintiff and others similarly situated.

17. The FCRA violations by Global HR Research were willful.

18. Global HR Research knew and acted in reckless disregard of the facts that it did not receive the required certifications of compliance from Herman.

## CLASS ALLEGATIONS

19. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff satisfies the requirements of Rules 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent a class defined as follows:

> **All employees and job applicants in the United States who, in violation of 15 U.S.C. § 1681b(b)(1)(A)(i), were the subject of a consumer report furnished by Global HR Research that was provided without the user's certification of compliance with 15 U.S.C. § 1681b(b)(2), within five years of the filing of this complaint through the date of final judgment in this action.**

20. Plaintiff reserves the right to amend or modify the Proposed Class description with greater specificity or further division into subclasses or limitation to particular issues, including in the alternative, certification without notice as a single legal issue under Fed. R. Civ. P. Rule 23(b)(2) and/or Rule 23(c)(4). Plaintiff also reserves the right to allege subclasses as appropriate following discovery procedures.

21. This class action on behalf of members of the Proposed Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the Fed. R. Civ. P.

NUMEROSITY

22. The Proposed Class is so numerous that joinder of all class members is impracticable. Global HR Research, without receiving the certifications required by 15 U.S.C. § 1681b(b)(1)(A)(i), furnished investigative consumer reports regarding more than 10,000 (ten

- 3 -
Class Action Complaint

thousand) job applicants throughout the United States and in the State of California during the applicable limitations period.

23. While the precise number of members of the Proposed Class has not been determined at this time, Plaintiff is informed and believes that Global HR Research, during the relevant period, furnished reports for employment purposes without receiving the certifications required by 15 U.S.C. § 1681b(b)(1)(A)(i) in connection with more than 10,000 (ten thousand) consumers. Each of these potential Class Members are readily ascertainable through examination of Global HR Research's records.

24. Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed Class with a last known mailing address such that constitutional notice of the action and opportunity to opt-out of the action can be provided by U.S. Mail.

COMMONALITY

25. There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual members of the Proposed Class. These common questions of law and fact include, without limitation:

    a. whether Global HR Research violated 15 U.S.C. § 1681b(b)(1)(A)(i) by furnishing consumer reports for employment purposes without the user's certification of compliance with 15 U.S.C. § 1681b(b)(2)(A)(i).

    b. Whether Global HR Research's violation of the FCRA was willful.

    c. The proper measure of statutory damages.

    d. The proper form of relief.

TYPICALITY

26. Plaintiff's claims are typical of those of the members of the putative class. Global HR Research typically furnishes consumer reports for employment purposes to employers. The FCRA violation suffered by Plaintiff is typical of those suffered by other putative Class Members because absent the requisite certifications, it was illegal for Global HR Research to furnish the investigative consumer report.

- 4 -

Class Action Complaint

ADEQUACY

27. Plaintiff's counsel will fairly and adequately protect the interests of the putative class.

28. Counsel for Plaintiff are competent and experienced in litigation of large complex consumer and wage and hour class actions.

PREDOMINANCE AND SUPERIORITY OF A CLASS ACTION

29. A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed Class is not tractable, and questions of law and fact common to the class predominate over any questions affecting only individual members.

30. Class action treatment will allow those similarly situated persons to litigate their claims in the matter that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude his maintenance is a class action.

31. Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single form, simultaneously, efficiently, and without the unnecessary duplication of effort and expense the numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the proposed class to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting employees harmed by Global HR Research's unlawful practices to effectively pursue recovery of the sums owed to them.

**FIRST CAUSE OF ACTION**

**FOR FURNISHING CONSUMER REPORT WITHOUT RECEIVING**

**CERTIFICATIONS REQUIRED BY FCRA**

**[15 U.S.C. § 1681b(b)(1)(A)(i)]**

**By Plaintiff and all members of the Proposed Class against all Defendants**

32. Plaintiff incorporates by reference and restates all the foregoing and subsequent

- 5 -
Class Action Complaint

allegations as though fully set forth herein.

33. Global HR Research willfully violated 15 U.S.C. § 1681b(b)(l)(A) because it provided consumer reports about Plaintiff, knowing they would be used for employment purposes, without obtaining the requisite assurances that Herman complied with the FCRA disclosure requirements as set forth at 15 U.S.C. § 1681b(b)(2)(A)(i).

34. Global HR Research caused Plaintiff injury because it invaded Plaintiff's privacy by compiling Plaintiff's personal, private, and sensitive information into a consumer report for employment purposes and furnishing said consumer report in violation of 15 U.S.C. § 1681b(b)(l)(A).

35. Global HR Research caused Plaintiff injury of a second kind because Global HR Research substantially caused Herman to violate the disclosure requirements of the FCRA when using consumer reports for employment purposes.

36. The foregoing violations were willful. At the time Global HR Research violated 15 U.S.C. § 168lb(b)(l)(A), Global HR Research knew it was required to obtain certifications of compliance with 15 U.S.C. § 1681b(b)(2) from Herman before furnishing Herman with consumer reports for employment purposes. Global HR Research's willful conduct is also reflected by, among other things, the following facts:

   a. Global HR Research knew of potential FCRA liability;

   b. Global HR Research is a consumer reporting agency with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

   c. The FCRA's certification requirement is clearly spelled out in the plain language of the statute;

   d. Global HR Research knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

   e. Global HR Research voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading of the FCRA that was merely careless.

- 6 -
Class Action Complaint

37. Plaintiff and the "Certification Class" are further entitled to recover their costs and attorneys' fees.

**WHEREFORE**, Plaintiff, on behalf of himself and the putative "Certification Class," prays for relief as follows:

    a. That the Court certify the First Cause of Action asserted by the Proposed Class as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    b. A determination and judgment that Global HR Research willfully and/or recklessly violated 15 U.S.C. § 1681b(b)(1)(A)(i) of the FCRA;

    c. A finding that Global HR Research committed multiple, separate violations of the FCRA;

    d. An order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

    e. An order that proper notice be issued to the putative class at Global HR Research's expense;

    f. Pursuant to 15 U.S.C. § 1681n(a)(l)(A), an award of statutory damages to Plaintiff and all other members of the Proposed Class in an amount equal to $1,000 for Plaintiff and each other member of the Proposed Class for each violation of the FCRA;

    g. Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and all other members of the Proposed Class; and,

    h. Pursuant to 15 U.S.C. § 1681n(a)(3), an award of attorney fees and costs.

Dated: October 10, 2019

**COHELAN KHOURY & SINGER**
**THE LAW OFFICE OF IAN PANCER**

By:   s/J. Jason Hill
       J. Jason Hill
Attorneys for Plaintiff JUSTIN JOB on behalf of himself and all others similarly situated